Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| MIGUEL ÁNGEL FONTÁNEZ GARCÍA Y OTROS<br><br>Recurrido<br><br>v.<br><br>ELIACÍN MOLINA NIEVES Y OTROS<br><br>Peticionario | KLCE202400275 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Sobre:<br>Cobro de Dinero Enriquecimiento Injusto, Fraude y Daños y Perjuicios<br><br>Caso Número:<br>HU2023CV01093 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

La parte peticionaria, Eliacin Molina Nieves (en adelante, Molina Nieves), su señora esposa, la Sociedad Legal de Gananciales compuesta por ambos y la compañía JLV Construction, LLC, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto una determinación emitida por el Tribunal de Primera Instancia, Sala de Humacao, el 18 de septiembre de 2023, notificada el 20 del mismo mes y año. Mediante la misma, el tribunal primario declaró con lugar una *Solicitud de Anotación de Rebeldía* promovida por la parte recurrida, Miguel Ángel Fontánez García (en adelante, Fontánez García), su esposa, Andrea Suárez, y la Sociedad Legal de Gananciales habida entre ambos. Ello, dentro de una acción de cobro de dinero, enriquecimiento injusto y daños, incoada en contra de los apelantes.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la *Resolución* recurrida.

Número Identificador

SEN2024 _____

**I**

El 31 de julio de 2023, la parte recurrida presentó la demanda de epígrafe. En esencia, alegó que, por mutuo acuerdo, Fontánez García y Molina Nieves compraron una máquina de equipo pesado para el movimiento de tierra, conocida como Caterpillar. Indicó que el costo de la máquina ascendió a ciento veinte mil dólares ($120,000.00), con un canon mensual de mil cien dólares ($1,100.00). Además, detalló que, presuntamente, aportó veinte mil dólares ($20,000.00) para el pronto del aludido equipo, y le prestó a la parte peticionaria ocho mil dólares ($8,000.00), con el compromiso de que la referida cantidad fuese pagada "dentro de seis meses a la fecha del préstamo".[1]

Por otro lado, la parte recurrida alegó que llegó a un acuerdo con la parte peticionaria, mediante el cual Molina Nieves gestionaría los contratos de proyectos de vivienda y demolición de edificios, y Fontánez García operaría la referida máquina. Aseveró que Molina Nieves incumplió con coordinar los aludidos contratos, y continuó usando el equipo, sin proveerle la debida remuneración. En virtud de ello, solicitó al tribunal de instancia que condenara a la parte peticionaria a devolverle el dinero invertido en la referida máquina, el cual alegadamente ascendía a cuarenta y ocho mil dólares ($48,000.00), y a compensarle por los daños y perjuicios sufridos, los cuales fueron estimados en setenta y cinco mil dólares ($75,000.00).

El 23 de agosto de 2023, la parte recurrida presentó una *Moción Informativa,* en la cual detalló que, el 9 de agosto de 2023, diligenció los emplazamientos correspondientes.

El 18 de septiembre de 2023, la parte recurrida incoó una *Solicitud de Anotación de Rebeldía*, ya que, transcurrido el término

---

[1] Apéndice del recurso, pág. 4.

reglamentario para contestar la demanda, la parte peticionaria no había presentado su alegación responsiva.

Ese mismo día, el foro primario emitió una *Resolución*, notificada el 20 de septiembre de 2023, mediante la cual le anotó la rebeldía a la parte peticionaria.

Así las cosas, el 11 de octubre de 2023, la parte peticionaria presentó una *Moción para Asumir Representación Legal y Solicitar Término para Contestar Demanda.* En la misma, le suplicó al tribunal que le concediera un término de veinte (20) días para estudiar los expedientes del caso y presentar la contestación a la demanda.

En reacción, el 14 de noviembre de 2023, la parte recurrida presentó una *Moción Informativa* en la cual expresó no tener objeción con que se le otorgara a la parte peticionaria un término final para que contestara la demanda.[2]

Examinado el escrito, el foro primario le concedió a la parte peticionaria un término de cinco (5) días para presentar su posición en cuanto a lo expresado en la antedicha moción.

Según ordenado, el 21 de noviembre de 2023, la parte peticionaria presentó *Moción en Cumplimiento de Orden, Solicitando el Relevo de Anotación de Rebeldía y Autorización para Contestar Demanda*. Particularmente, sostuvo que se debía decretar el relevo de la anotación de rebeldía, puesto que no fue notificada de los escritos presentados por la parte recurrida, ni de las órdenes del tribunal, por lo que desconocía que se le había anotado la rebeldía.

Examinados los escritos, el 21 de noviembre de 2023, notificada el 22 del mismo mes y año, el tribunal primario emitió una *Orden* en la cual declaró *No Ha Lugar* la solicitud de relevo. El

---

[2] Apéndice del recurso, pág. 27.

aludido foro precisó que, "desde el 18 de septiembre de 2023, [el] Tribunal dictó orden y anotó la rebeldía."[3]

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 5 de marzo de 2024, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En el mismo expone los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al no re-notificar su Orden sobre Anotación de Rebeldía a la Parte Recurrente y sostener su validez a pesar de tratarse de una orden nula por haberse notificado erróneamente.

> Erró el Tribunal de Primera Instancia al no relevar a la parte recurrente de la anotación de rebeldía a tenor con la Regla 43.5 de las Reglas de Procedimiento Civil de Puerto Rico.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

**II**

**A**

Cónsono con lo estatuido en la Regla 45.1 de las de Procedimiento Civil, 32 Ap. V, R. 45.1, procede una anotación de rebeldía cuando una parte contra la cual se ha solicitado una sentencia que conceda algún remedio afirmativo, deje de presentar la correspondiente alegación o de defenderse en otra forma. *Mitsubishi Motor v. Lunor y otros*, 2023 TSPR 110, 212 DPR ___ (2023). En nuestro sistema de ley, la rebeldía se concibe como la posición procesal que asume aquella parte que, tras ser requerido judicialmente, opta por no ejercitar su derecho a defenderse. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, Lexis Nexis de Puerto Rico, Inc., 6ta Edición, 2017, pág. 327.

El remedio dispuesto en la antes aludida Regla opera en dos situaciones: cuando el demandado no cumple con el requisito de

---

[3] Véase, Entrada 19, *Sistema Unificado de Manejo y Administración de Casos* (SUMAC).

comparecer a contestar la demanda o defenderse, o cuando una de las partes en un pleito incumple con algún mandato del tribunal, y este le impone la rebeldía a manera de sanción. *Mitsubishi Motor v. Lunor y otros*, supra. *Supermercado Grande, Inc. v. Álamo Pérez,* 158 DPR 93, 100 (2002). El mismo, además, tendrá como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda, o aquella formulada contra el rebelde, y que se autorice al tribunal a dictar sentencia, si esta procede en derecho. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

Por otra parte, los tribunales tienen la facultad de dejar sin efecto una anotación de rebeldía cuando exista justa causa para ello. Igualmente, pueden, de conformidad con lo dispuesto en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, dejar sin efecto una sentencia dictada en rebeldía. Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3.

Ahora bien, la parte que solicita que se deje sin efecto una anotación de rebeldía, tiene el deber de presentar evidencia de circunstancias que, a juicio del tribunal, demuestre: justa causa para la dilación; probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 593. No son suficientes escuetas alegaciones o someros argumentos al respecto. *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 818 (1986).

**B**

Por su parte, es premisa cardinal en el ordenamiento procesal vigente que, hasta tanto una sentencia, orden o resolución no es notificada a todas las partes, el pronunciamiento de que trate no es vinculante. Como resultado, la falta de notificación tiene el principal efecto de impedir que los distintos términos que de ella

dimanan comiencen a decursar. *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015); *Caro v. Cardona*, 158 DPR 592 (2003). Arrogarle efecto jurídico a una determinación judicial que no cumple con el requisito de notificación, lacera la máxima constitucional que garantiza a los ciudadanos conocer los fundamentos de una adjudicación sobre la cual ostentan determinado interés. El deber de notificar a las partes interesadas en determinada causa no constituye un mero requisito, dado a su efecto respecto a la idoneidad de los procedimientos posteriores al dictamen emitido. *Dávila Pollock et al. v. R.F. Mortgage*, 182 DPR 86, 94 (2011). Ello así, puesto que, el debido proceso de ley exige proveer a todas las partes plena comprensión de los pronunciamientos emitidos por los tribunales de justicia, para que así puedan, de forma oportuna, solicitar los remedios que entiendan procedentes a su causa. *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 254 (2016); *Caro v. Cardona*, supra.

### III

En el presente caso, la parte peticionaria sostiene que erró el foro primario al no notificar la *Orden* mediante la cual le anotó la rebeldía. Por igual, plantea que el foro de instancia incumplió al no relevarlo de la referida anotación impuesta.

Tras aplicar la norma antes expuesta a las particularidades de la causa que nos ocupa, coincidimos en que el foro sentenciador erró al no dejar sin efecto la anotación de rebeldía de la parte peticionaria.

Conforme reseñamos, quien solicita que se deje sin efecto una anotación de rebeldía, debe demostrar: (1) justa causa para la dilación; (2) probar que tiene una buena defensa en sus méritos, y (3) que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 593.

En el presente caso, la parte peticionaria, demostró que las notificaciones remitidas fueron notificadas a una dirección incorrecta. Explicó que las mismas fueron dirigidas al PO Box 6413-1, Humacao, Puerto Rico 00791, en vez de a **HC-03**, Box 6413, Humacao, Puerto Rico 00791.[4]

Según esbozamos, una orden que no fue notificada adecuadamente a todas las partes no es vinculante, e impide que los distintos términos que de ella dimanan comiencen a decursar. Por ello, es forzoso concluir que la parte peticionaria presentó una buena defensa en los méritos para justificar el relevo de la anotación de rebeldía, al demostrar que las notificaciones emitidas, antes de su comparecencia, fueron defectuosas.

Por otra parte, precisa destacar que el caso de epígrafe se encuentra en sus etapas iniciales. De modo, es mínimo el perjuicio que podría causar a la parte recurrida el conceder el relevo de la rebeldía en cuestión. Además, es menester acentuar que la parte recurrida manifestó que no tenía objeción con que se le otorgara a la parte peticionaria un término para que contestara la demanda.

**IV**

Por los fundamentos que anteceden, se expide el auto solicitado y se revoca el dictamen recurrido. Por consiguiente, se deja sin efecto la anotación de rebeldía de la parte peticionaria y se devuelve el caso al Tribunal de Primera Instancia para que se le permita a esta presentar su contestación a la demanda.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Véase, apéndice del recurso, págs. 24-26.